ACCEPTED
06-15-00004-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/1/2015 2:55:07 PM
DEBBIE AUTREY
CLERK

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

7/1/2015 2:55:07 PM

DEBBIE AUTREY
Clerk

No. 06-15-00004-CR

## IN THE SIXTH DISTRICT COURT OF APPEALS
## AT TEXARKANA, TEXAS

**LESLIE LEE**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appealed from the 188th District Court**
**Gregg County, Texas**

## BRIEF OF THE APPELLANT

**Clement Dunn**
**State Bar No. 06249300**
**140 East Tyler, Suite 240**
**Longview, Texas 75601**
**Telephone: 903-753-7071**
**Fax: 903-753-8783**

**ORAL ARGUMENT WAIVED**

## IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that the following is a complete list of all parties to the trial court's judgment and the names and addresses of their trial and appellate counsel.

1.      Appellant:    Leslie Lee

2.      Appellant's Trial Counsel:    Clement Dunn
Attorney at Law
140 E. Tyler Street, Suite 240
Longview, TX 75601
TSB No. 06249300

3.      Appellant's Counsel on Appeal:    Clement Dunn
Attorney at Law
140 E. Tyler Street, Suite 240
Longview, TX 75601
TSB No. 06249300

4.      Attorney for the State:    Ms. Tanya Reed
Assistant District Attorney, Gregg County
101 E. Methvin, Suite 333
Longview, Texas 75601
TSB No. 24039204

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT REGARDING ORAL ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF THE FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

CERTIFICATE OF WORD COUNT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

# INDEX OF AUTHORITIES

## Cases

*Ingraham v. Wright*, 430 U.S. 651, 671-72, n. 40 (1977); 44 Geo. L. J. Ann. Rev. Crim. Proc. 1013 (2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Ewing v. California*, 538 U.S. 11, 18-20 (2003) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Solem v. Helm*, 463 U.S. 277, 292 (1983)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Harmelin v. Michigan*, 501 U.S. 957, 965 (1991)(Scalia, Jr., concurring)... . . . . . . . . . . . . . 3

*Atkins v. Virginia*, 536 U.S. 304,311 (2002)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Glossip v. Gross*, - -U.S.- - No. 14-7955, dec'd June 29, 2015... . . . . . . . . . . . . . . . . . . . . . 5

## Constitutional Provisions

Eighth Amendment to The United States Constitution. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## STATEMENT OF THE CASE

Offense:     Theft

Verdict:     Guilty; Six (6) months' confinement - Texas Department of Criminal Justice - State Jail.

Date of Verdict:     October 8, 2014.

Trial Court:     188th   District Court, Gregg County, Texas.

This case involves a prosecution for Theft-Habitual, pursuant to Section 31(e)(4)(D), Texas Penal Code, in Cause Number 42,954-A, in the 188th District Court of Greg County, Texas. The Appellant entered a plea of guilty to the Trial Court. (R.R., at 5.) This occurred as an "open plea" (id., at 8) - - that is, no plea agreement existed between the State and the Appellant. Following a hearing on punishment, the Trial Court imposed a sentence of six months' confinement in a State Jail. (Id., at 21.)

## STATEMENT REGARDING ORAL ARGUMENT

Believing the instant case contains issues capable of resolution on the basis of the record and the briefs, the Appellant respectfully does not request oral argument.

## ISSUE PRESENTED

The Trial Court's imposition of a term of six months' confinement violates the proportionality guarantees of the Eighth Amendment to the United States Constitution.

**STATEMENT OF THE FACTS**

The record reflects that the underlying theft in this case involved shoplifting at Wal-Mart. (R.R., at St. Ex. 2.) "The total for all the items taken was $111.74." (Id.) All items were recovered, and released by the Longview Police Department back to Wal-Mart. (Id.)

Although the Appellant did have prior theft convictions, these were shown to be both remote and minor. (Id., at 13.) She also has a prior felony conviction, for Driving While Intoxicated, which resulted in a prison sentence of eight years. But she had attended college, at the time of the hearing, and lacked only a single semester of finishing her degree (Id., at 7; 13-14.) She had also maintained gainful employment before becoming a full-time student. Id., at 13-14.)

**SUMMARY OF THE ARGUMENT**

The disparity between the seriousness of the primary offense (misdemeanor shoplifting) and the severity of the sentence (six months' confinement in State Jail) violates the Eighth Amendment to the United States Constitution.

**ARGUMENT**

The Eighth Amendment prohibits the infliction of cruel and unusual punishment upon persons convicted of crime. Ingraham v. Wright, 430 U.S. 651, 671-72 n. 40 (1977); 44 Geo. L. J. Ann. Rev. Crim. Proc. 1013 (2015). The Cruel and Unusual Punishment Clause limits criminal punishment in three ways: (1) it "imposes substantive limits on what can be made criminal and punished as such;" (2) it prohibits certain kinds of punishment;

and (3) it prohibits punishment "grossly disproportionate" to the severity of the offense. Inghram, supra; Ewing v. California, 538 U.S. 11, 18-20 (2003).

In Solem v. Helm, 463 U.S. 277, 292 (1983), the Supreme Court held that the primary inquiry in analyzing the proportionality of sentences should involve a comparison of the gravity of the offense with the harshness of the penalty. Subsequently, the Court has stated that the two additional factors set forth in Solem –a comparison of the sentence with those imposed for various offenses in the same jurisdiction and a comparison of the sentence with those imposed for the same or similar offenses in other jurisdictions–should only be considered "to validate an initial judgement that a sentence is grossly disproportionate to a crime." Harmelin v. Michigan, 501 U.S. 957, 965 (1991)(Scalia, Jr., concurring). The concurrence in Harmelin concluded that Solem "is best understood as holding that comparative analysis within and between jurisdictions is not always relevant to proportionality review." Harmelin, supra, at 1004-05 (Kennedy, J., concurring in part and concurring in the judgment).

It is respectfully submitted in the instant case that the sentence of six months' confinement in a State Jail constitutes a "grossly disproportionate" sentence in light of the underlying offense of shoplifting. This offense, as noted above, involved a minimal amount (and value) of property. The property was recovered and returned to the owner (Wal-Mart).

The Appellant also respectfully submits that this disproportionality of sentence compared to conduct operates independently of any existing matrix of sentences in similar cases. The Appellant instead relies on the prevailing norms of society as a whole, and the recognition that societal standards regarding punishment evolve over time. As Justice Breyer

recently opined in dissent (Ginsburg joining):

> "The Constitution there forbids the "inflict(ion)" of "cruel and unusual punishments." Amdt. 8. The Court has recognized that a "claim that punishment is excessive is judged not by the standards that prevailed in 1685 when Lord Jeffreys presided over the 'Bloody Assizes' or when the Bill of Rights was adopted, but rather by those that currently prevail." Atkins v. Virginia, 536 U.S. 304,311 (2002). Indeed, the Constitution prohibits various gruesome punishments that were common in Blackstone's day. See 4 W. Blackstone, Commentaries on the Laws of England 369-370 (1769) (listing mutilations and dismembering, among other punishments).

Glossip v. Gross, - -U.S.- - No. 14-7955, dec'd June 29, 2015.

The instant case arises at a time of great and growing concern over the great and increasing numbers of people incarcerated in the American criminal justice system. See, e.g., The Economist, "Jailhouse nation" (cover story), June 20, 2015 edition. The Appellant has shown no proclivities towards violence. To the degree that her punishment encompasses a theory of deterrence of recidivism --see Argument of the State, R.R., at 17-18,--the prior offenses are both non-violent and involve small amounts of money or property value. It is in this setting that the Appellant respectfully submits her sentence must be viewed as "grossly disproportionate" under the Eighth Amendment.

**PRAYER**

The Appellant respectfully requests this case be reversed and remanded to the Trial Court for a new hearing on punishment.

Respectfully submitted,

__/s/ Clement Dunn_____

140 East Tyler Street, Suite 240

Longview, Texas 75601

(903) 753-7071 Fax: 903-753-8783

State Bar No. 06249300

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this brief was delivered to the Gregg County District Attorney's Office, Longview, Texas on this 1st day of July 2015.

__/s/ Clement Dunn_____

**CERTIFICATE OF WORD COUNT**

I hereby certify that a total of 1309 words are included in this brief.

__/s/ Clement Dunn_____